FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 19, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID VIRGIL WYMAN,<br><br>Defendant. | NO: 2:18-CR-59-RMP<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S CONSTRUED MOTION FOR COMPASSIONATE RELEASE |

BEFORE THE COURT is a construed Motion for Compassionate Release, ECF Nos. 49 and 51. The Court has reviewed Defendant's motion, ECF No. 49; a response brief from the Government, ECF No. 52; a reply from Defendant, ECF No. 53; and is fully informed.

## BACKGROUND

This Court sentenced Mr. Wyman on February 5, 2020, to 58 months incarceration for committing robbery in the first degree on an Indian reservation, in violation of 18 U.S.C. § 1153 and RCW 9A.56.200. ECF Nos. 44 and 47. Pursuant to the Judgment, Mr. Wyman must serve his federal sentence concurrent

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S CONSTRUED MOTION FOR COMPASSIONATE RELEASE ~ 1

to an 82-month sentence imposed by the State of Washington. *See* ECF No. 47 at 2. Mr. Wyman is serving his concurrent sentences at the Washington State Department of Corrections facility in Shelton, Washington. *See* ECF No. 49-1.

Mr. Wyman asks the Court to release him from his federal sentence to reunite him with his family during the novel coronavirus pandemic (COVID-19) to "stand at their side in their time of need." ECF No. 49 at 2. Mr. Wyman is 34 years old. ECF No. 49.

## RELEVANT LAW

Federal Rule of Criminal Procedure 35 generally delineates the parameters of a district court's ability to modify a prison sentence once judgment is entered. That provision offers no relief to Defendant. However, 18 U.S.C. § 3582(c)(1)(A) also reserves an opportunity for a reduced sentence if, after the Court considers the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

(A) Medical Condition of the Defendant.—

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S CONSTRUED MOTION FOR COMPASSIONATE RELEASE ~ 2

      (i)     The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
      (ii)    The defendant is—
           (I)     suffering from a serious physical or medical condition,
           (II)    suffering from a serious functional or cognitive impairment, or
           (III)   experiencing deteriorating physical or mental health because of the aging process,
           that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances—
      (i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.
      (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13.

      Up until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the United States Bureau of Prisons ("BOP"). However, section 603(b)(1) of the First Step Act modified section 3582(c)(1)(A) to allow a federal prisoner to move on his own behalf for a sentence reduction and compassionate release after exhausting all

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S CONSTRUED MOTION FOR COMPASSIONATE RELEASE ~ 3

administrative appeals of the BOP's refusal to bring such a motion or after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.

## DISCUSSION

Mr. Wyman seeks release from incarceration to rejoin his family because of COVID-19. Mr. Wyman observes that the pandemic is "affecting us all in a strongly negative way." ECF No. 53 at 2. The Court empathizes with Mr. Wyman's circumstances and those of incarcerated persons generally during this pandemic. However, there are several reasons why the Court must deny Mr. Wyman's motion for relief.

First, Mr. Wyman has not shown that he first asked BOP for compassionate release or exhausted his appeal opportunity with BOP, so the statute, 18 U.S.C. § 3582(c)(1)(A), does not authorize this Court to grant compassionate release.

Second, Mr. Wyman is serving his sentence concurrently with his 82-month state sentence and is in the physical custody of Washington State. *See* ECF No. 52 at 6. Therefore, Mr. Wyman currently is not in a position to ask BOP for compassionate release as required by 18 U.S.C. § 3582(c)(1)(A). He is not in BOP custody and would need to seek any release remedy first from Washington State Department of Corrections who currently has him in custody.

Third, even if the Court reached the merits of Mr. Wyman's request for compassionate release, he does not describe extraordinary and compelling circumstances such as a serious medical condition, advanced age, or family circumstances that qualify for a reduction of sentence and compassionate release. Mr. Wyman also would have to persuade the Court that he does not pose a safety risk to his community and that the 18 U.S.C. § 3553(a) factors favor release. *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Mr. Wyman does not make that showing in his motion.

The Court encourages Mr. Wyman to continue on good behavior during his incarceration and to take all possible precautions to protect his health. However, at this time, the Court does not find compassionate release to apply to Mr. Wyman's circumstances.

Accordingly, Defendant's construed Motion for Compassionate Release, **ECF No. 49**, is **DENIED WITH LEAVE TO RENEW**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to Mr. Wyman.

**DATED** May 19, 2020.

                          *s/ Rosanna Malouf Peterson*
                        ROSANNA MALOUF PETERSON
                           United States District Judge