FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID VIRGIL WYMAN,<br><br>Defendant. | No. 2:18-CR-00059-MKD-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND SETTING MAGISTRATE CONDITIONS OF RELEASE<br><br>**ECF No. 142** |

Before the Court is Defendant's unopposed Motion to Reopen Detention Hearing (ECF No. 142).  Defendant was represented by Assistant Federal Defender Justin Lonergan on the motion.

The Court released Defendant to inpatient treatment on January 22, 2026, ECF No. 140, and Defendant is now set to graduate inpatient treatment, ECF No. 142.  Defendant requests the Court continue his release following his discharge from treatment on March 12, 2026.  *Id.*  Defendant plans to reside in clean and sober housing.  *Id.*  Neither the United States nor United States Probation/Pretrial Services object to Defendant's continued release.  *Id.*

Considering Defendant's completion of inpatient treatment and the agreement of both the United States Probation/Pretrial Services Office and the

ORDER - 1

United States Attorney's Office with release, the Court finds pursuant to Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a)(1) that: (1) Defendant has established by clear and convincing evidence conditions or a combination of conditions of release that will reasonably assure Defendant will not flee, and (2) Defendant has established by clear and convincing evidence conditions or a combination of conditions of release that will mitigate the risk to the safety of other persons or the community that Defendant poses.

Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion to Reopen Detention Hearing (**ECF No. 142**) is **GRANTED.**

2.    Defendant is bound over to Judge Thomas O. Rice for further proceedings.

3.    Defendant shall be released on previously imposed conditions of release pending the revocation hearing as directed by United States Probation/Pretrial Services, pursuant to this Court's authority to grant pre-revocation hearing release under Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a)(1).[1]  Pursuant to that authority, Defendant shall further abide by the following:

---

[1] *See, e.g., United States v. Suggs*, No. 3:18-CR-591-S, 2022 WL 3567350 (N.D. Tex.

ORDER - 2

**MAGISTRATE CONDITIONS OF RELEASE**

1.      Defendant shall undergo any substance abuse treatment recommended by Defendant's inpatient treatment program and evaluation, as directed by the United States Probation/Pretrial Services Office.  Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  It shall be the responsibility of defense counsel to provide such waivers.

2.      Defendant shall submit to random urinalysis, sweat patch, and breathalyzer testing as directed by the United States Probation/Pretrial Services Office.  Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing that is required as a condition of release.

Aug. 17, 2022).

ORDER - 3

3.    Defendant shall undergo any mental health treatment recommended by Defendant's inpatient treatment program and evaluation, as directed by United States Probation/Pretrial Services. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  It shall be the responsibility of defense counsel to provide such waivers.

**IT IS SO ORDERED.**

DATED March 6, 2026.



_____

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4